UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEX DADOURIAN, an individual,

Plaintiff,

v.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; ROBERT G. LUNA, in his official capacity as Los Angeles County Sheriff; LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES, CORRECTIONAL HEALTH SERVICES; DR. TIMOTHY BELAVICH, PH.D., in his official capacity as Director of Correctional Health Services; STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; JEFF MACOMBER, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; and DOES 1 through 100, inclusive

Defendants.

Case No.: 2:25-cv-10652-MEMF-SSC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND, AND ORDER GRANTING DEFENDANTS MACOMBER, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, AND STATE OF CALIFORNIA'S REQUEST FOR JUDICIAL NOTICE [DKT. NOS. 30, 17-1]**

Before this Court is a Motion to Remand filed by Plaintiff Alex Dadourian, Dkt. No. 30 ("Motion"), and a Request for Judicial Notice filed by Defendants Macomber, California Department of Corrections and Rehabilitation ("CDCR"), and State of California ("State") (collectively, "State Defendants"), Dkt. No. 17-1 ("RJN"). For the reasons stated herein, the Motion is GRANTED IN PART and the RJN is GRANTED.

## I. Factual Allegations[1]

### A. The Parties

#### i. The Plaintiff

Plaintiff Alex Dadourian is a sixty-five-year-old man with multiple serious medical conditions, including severe immunodeficiency disorder, advanced osteoporosis, bilateral avascular necrosis, and other chronic conditions requiring specialized medical care and protection from harm. Compl. ¶ 9.

#### ii. The Defendants

Defendant County of Los Angeles ("County") is a local government entity that operates the Los Angeles County Men's Central Jail through the Los Angeles County Sheriff's Department, and funds the Los Angeles County Department of Health Services, which includes Correctional Health Services. *Id.* ¶ 10. Defendant Los Angeles County Sheriff's Department ("LASD") is a County agency that is the primary law enforcement agency for the County jail system. *Id.* ¶ 11. Defendant Los Angeles County Department of Health Services, Correctional Health Services ("CHS") is a County agency responsible for providing medical care to persons incarcerated in County jails. *Id.* ¶ 13. Defendant Robert G. Luna, in his official capacity, is the Sheriff of Los Angeles County. *Id.* ¶ 12. And Dr. Timothy Belavich, in his official capacity, is the Director of CHS.[2]

[1] Except as otherwise indicated, the following factual background is derived from Dadourian's Complaint. Dkt. No. 1-2 ("Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

[2] The Court will refer to the County, LASD, CHS, Luna, and Belavich as the "County Defendants."

Defendant State is a state government entity that operates the California Department of Corrections and Rehabilitation. *Id.* ¶ 15. Defendant CDCR is a state agency responsible for operating state prisons. *Id.* ¶ 16. And Defendant Jeff Macomber, in his official capacity, is Secretary of the CDCR. *Id.* ¶ 17.[3]

**B. The Conduct**

Dadourian was incarcerated from December 7, 2022, to September 21, 2024. *Id.* ¶ 1. He was held in County custody from December 7, 2022, to June 1, 2023, when he was then transferred to State custody until his release on September 21, 2024. *See id.* ¶¶ 19-20, 23-26. Dadourian alleges that despite knowing that he had no right hip joint and required immediate surgical intervention, the County and State Defendants did not provide him with his scheduled hip-replacement surgery, which subjected him to nearly two years of excruciating pain, and forced him to endure bone-on-bone contact that resulted in permanent and irreversible disability. *See id.* ¶¶ 1-2, 18-21, 23-26, 29-31.

**C. Procedural History**

On March 11, 2025, Dadourian filed government tort claims with both the County and the State within six months of his release from custody. *Id.* ¶ 7(a). On April 16, 2025, the County denied the tort claims as untimely under California Government Code § 911.2. *See* Tashjian Decl. ¶ 5, Dkt. No. 30-1. On September 29, 2025, Dadourian submitted an application to the County Board of Supervisors for leave to present a late claim pursuant to California Government Code Section 911.4 *Id.* ¶ 6. On October 28, 2025, the County denied Dadourian's application. *Id.* ¶ 7. On October 6, 2024, Dadourian then filed a petition for relief pursuant to Government Code Section 946.6 in Los Angeles Superior Court. *Id.* ¶ 8. The petition is based on several grounds, including the continuing violation doctrine, the discovery rule, excusable neglect under § 946.6(c)(1), and physical incapacity under § 946.6(c)(4). *Id.* On October 16, 2025, the County filed an opposition to the petition. *Id.* ¶¶ 9-10. On October 23, 2025, Dadourian filed a reply. *Id.* ¶ 11. There was a hearing set for November 21, 2025, on the petition. *Id.* ¶ 13. The State Defendants did not respond to Dadourian's tort claims,

[3] The Court will refer to the State, CDCR, and Macomber as the "State Defendants."

which were timely filed within the six-month period following his September 32, 2024, release from State custody. *Id.* ¶ 7(a).

On September 29, 2025, Dadourian filed a complaint in Los Angeles County Superior Court against the County and State Defendants, alleging: (1) violation of 42 U.S.C. § 1983; (2) violation of the California Constitution, Article I, Sections 7 and 17; (3) violation of the Americans with Disabilities Act ("ADA"); (4) violation of the Rehabilitation Act, 29 U.S.C. § 794; (5) violation of California Government Code § 11135; (6) violation of the Bane Act, California Civil Code § 52.1; (7) violation of California Civil Code § 52.3; (8) violation of California Government Code § 845.6; (9) violations of Titles 5 and 24 of California Code of Regulations; (10) Medical Negligence; (11) Intentional Infliction of Emotional Distress; and (12) Negligent Infliction of Emotional Distress. *See generally id.*

On November 5, 2025, with consent of the State Defendants, the County Defendants removed this action to federal court under federal question and supplemental jurisdiction. *See* Dkt. No. 1. On December 17, 2025, Dadourian re-filed this instant Motion. Dkt. No. 30 ("Motion"). Dadourian also filed a supporting declaration. *See* Dkt. No. 30-1 ("Tashjian Decl."). On November 20, 2025, the State Defendants filed an opposition to the Motion. Dkt. No. 17 ("State Opposition"). On that same day, the State Defendants filed a Request for Judicial Notice. Dkt. No. 17-1 ("RJN"). On November 24, 2025, the County Defendants filed an opposition to the Motion. Dkt. No. 21 ("County Opposition"). On December 23, 2025, Dadourian filed a reply to the State Opposition. Dkt. No. 34 ("State Reply"). On that same day, Dadourian also filed a reply to the County Opposition. Dkt. No. 35 ("County Reply").[4] On February 19, 2026, the Court held a hearing on the Motion.

/ / /

/ / /

---

[4] After the initial filing of Dadourian's Motion to Remand on November 14, 2025, *see* Dkt. No. 16, this case got reassigned to this Court on November 24, 2025, *see* Dkt. No. 20. Moreover, a notice of deficiencies was issued on Dadourian's Motion to Remand filed at Dkt. No. 16, *see* Dkt. No. 22, so Dadourian re-filed this instant Motion at Dkt. No. 30 on December 17, 2025. The Motion to Remand filed at Dkt. No. 30 is treated as the operative Motion and is identical to motion filed at Dkt. No. 16.

**REQUEST FOR JUDICIAL NOTICE (DKT. NO. 17-1)**

**I. Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)).

**II. Discussion**

**A. The State Defendants' Request for Judicial Notice is granted.**

In support of their Motion, the State Defendants requests the Court judicially notice the fact that Dadourian's Petition for Relief from the Government Claims Act pursuant to California Government Code Section 946.6 was on calendar for hearing in Department 52 of the Superior Court of California, County of Los Angeles, on November 21, 2025, at 8:30 a.m. *See* RJN at 1.[5] Dadourian does not oppose this Court taking judicial notice of this fact and this fact is not in dispute. *See id.*; Tashjian Decl. ¶ 13, Dkt. No. 30-1; Motion at 8. Because this Court can take judicial notice of the

[5] The Court notes that the November 21, 2025, hearing did not occur as the case was removed sixteen days before the hearing. *See* Motion at 9; State Reply at 2-3.

"records of an inferior court in other cases," this Court will grant the Request for Judicial Notice. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## MOTION TO REMAND (DKT. NO. 30)

### I. Applicable Law

#### A. Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332. A defendant may remove a state action to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. A defendant who removes a case from state court bears the burden of establishing federal jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Moreover, when doubt regarding whether the right to removal exists, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). If a district court finds at any time before final judgment that it lacks subject matter jurisdiction, it must remand the case back to state court, rather than dismiss it. *See* 28 U.S.C. § 1447(c); *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). "Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Polo*, 833 F.3d at 1196. Under Section 1447(c), "the federal court cannot hear [a] barred claim," but the court "can proceed to hear those other claims [in which it has jurisdiction]." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392-93 (1998). So when "[t]he district court lacks jurisdiction to decide only some, but not all, of [the plaintiff's] claims; the court, therefore, could not have remanded [the plaintiff's] entire case." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001).

/ / /

## II. Discussion

Dadourian moves to remand the entire case against the County Defendants and State Defendants because this Court does not have subject matter jurisdiction over the state law claims against the County Defendants due to his pending Government Code Section 946.6 petition. *See generally* Motion. The County Defendants contend that this Court has jurisdiction over Dadourian's federal claims and supplemental jurisdiction over his state law claims, and the proper relief for the state law claims with the pending Section 946.6 petition is dismissal, not remand of the entire case. *See generally* County Opposition. For the reasons discussed below, this Court finds that (1) there is no jurisdiction over the state law claims against the County Defendants, and (2) only the state law claims against the County Defendants shall be remanded.

### A. This Court may not proceed with the state law claims against the County Defendants because of the pending Section 946.6 petition for the state claims against the County Defendants.

California's Government Claims Act requires a claim related to a cause of action against a California public entity or public employee for personal injury to be filed or presented to the public entity no later than six months after the cause of action accrues. *See* Cal. Gov't Code § 911.2(a). When a claim is not presented during the six-month period, a "written application may be made to the public entity for leave to present that claim." *Id.* § 911.4(a). The board can then grant or deny the application within forty-five days after its presentation. *Id.* § 911.6(a). And "no suit for money or damages may be brought against a public entity [or public employee] on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon [or rejected] by the board." *Id.* § 945.4. Moreover:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a *superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates.

*Id.* § 946.6(a) (emphasis added). Under the plain text of Section 946.6, federal courts cannot adjudicate Section 946.6 petitions. *See id.* The Ninth Circuit has not interpreted Section

946.6, but the text is clear, other federal courts agree, and the parties do not dispute that this Court may not adjudicate the pending petition, or that the petition is necessary for the state law claims against the County Defendants to go forward. *See e.g., Elrawi v. Burgess*, No. 517CV02463, 2018 WL 4223652, at *7 (C.D. Cal. Sept. 5, 2018); *Guerrero v. County of Alameda*, No. C 18-02379, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018); *see also* Motion at 10-15; County Opposition at 5-6.

In addition, under the plain text of Section 946.6 and Section 945.4, claims against public entities, where a Section 946.6 petition is necessary and pending cannot go forward.

Dadourian's second, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth claims are all state law claims against the County Defendants for Dadourian's personal injury. *See* Compl. ¶¶ 46-51, 64-103. There is no dispute that the requirements of the California Government Claims Act apply. *See* Motion at 10-15; County Opposition at 5-6. And "a plaintiff must . . . allege in his complaint that he has complied with the claim statute in order to state a cause of action against a public employee [or entity]." *Burgdorf v. Funder*, 54 Cal. Rptr. 805, 808 (Cal. Ct. App. 1966); *see also State of California v. Superior Ct.*, 90 P.3d 116, 122 (Cal. 2004). Dadourian's state claims against the County Defendants were not timely filed within six months of his June 1, 2023, release from County custody under Section 911.2(a), *see* Compl. ¶¶ 19-20; Motion at 10-11, so he filed a petition for relief under Section 946.6, *see* Motion at 10-11, Compl. ¶¶ 7(d), (e).

Accordingly, because the state law claims against the County Defendants cannot proceed without a determination of his Section 946.6(a) petition, and this Court cannot adjudicate Section 946.6 petitions, the state claims against the County Defendants cannot proceed in this Court. *See* Motion at 10-14; County Reply at 6.

**B. This Court is not persuaded to remand the entire case against both the County and State Defendants, or dismiss, and not remand, only the state law claims against the County Defendants.**

The question presented, therefore, is what should this Court do with the state claims against the County Defendants? Dadourian argues this Court should remand the entire case—even though the Court clearly has jurisdiction over—and the ability to adjudicate—all of the federal claims and all of the state law claims against the State Defendants. *See generally* Dkt. No. 24. The County

Defendants argue that this Court should keep the entire case and merely dismiss the state law claims against the County Defendants—even though federal courts must generally remand (and not dismiss) claims over which they do not have jurisdiction. *See* County Opposition at 5-6; *Polo*, 833 F.3d at 1196 (citing *Bruns*, 122 F.3d at 1257) ("[T]he district court generally must remand the case to state court, rather than dismiss it. Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."); 28 U.S.C. § 1447(c) (if a district court finds at any time before final judgment that it lacks subject matter jurisdiction, it *must* remand the case back to state court, rather than dismiss it); *see also* Motion at 14-15; County Reply at 4. The Court now addresses Dadourian's and the County Defendants' arguments below.

i. Dadourian has failed to persuade this Court that the entire case should be remanded, as opposed to only the state law claims against the County Defendants.

Dadourian has failed to persuade this Court that it should remand the entire case. This Court unquestionably still has jurisdiction over the federal law claims, and Dadourian has not provided a persuasive reason for how review of the state law claims against the County or State Defendants will impact his federal claims.[6]

First, Dadourian contends that current removal of the entire action is premature. *See* Motion at 17. However, the basis of this Motion only concerns the Section 946.6 petition for the state law claims against the County Defendants and not any other claim against the County Defendants or the State Defendants. *See* Motion; Compl. ¶¶ 32-45, 52-63. And Dadourian does not allege a failure to satisfy the statutory claim presentation requirements for his state claims against the State Defendants, nor do the State Defendants contend there is no jurisdiction over Dadourian's state claims against them. *See* Motion at 17-18; State Opposition at 2-3. Thus, no matter how the Section 946.6 petition gets resolved, the federal claims against all Defendants and state claims against the

---

[6] Neither the County Defendants nor the State Defendants in their oppositions respond to Dadourian's arguments discussed below. *See generally* County Opposition; State Opposition.

State Defendants will still remain, and this Court has jurisdiction over them and the ability to adjudicate them. *See* Motion at 17.

Second, Dadourian contends that it would be procedurally inefficient to grant the State Defendants' Motion to Sever, Dkt. No. 10, but deny remand, *see* Motion at 18. But this ignores the other option—remanding only the state claims against the County Defendants, which does not present the same inefficiencies or procedural concerns.

Third, Dadourian argues that his Section 946.6 petition is timely under a continuing violation theory, which contradicts and will impact the State Defendants' Motion to Sever, where the State Defendants are arguing in their Motion to Sever that there is no "factual overlap" between the County and State claims. *See* Motion at 19; County Reply at 12. However, a state court determination regarding whether the continuing violation doctrine applies to adjudicate the Section 946.6 petition will not affect whether the County and State claims should be severed, or vice versa, because the Motion to Sever is analyzed under Federal Rule of Civil Procedure 20, which is a different legal standard than the standard for a continuing violation. *See Willis v. City of Carlsbad*, 262 Cal. Rptr. 3d 528, 545 (Cal. Ct. App. 2020) (quoting *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 879 (Cal. 2013) (noting that for "the continuing violation doctrine to apply, a plaintiff must show the defendant engaged in 'a pattern of reasonably frequent and similar acts [that] may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period'"); Fed. R. Civ. P. 20 (noting that "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action").

Finally, Dadourian argues that his continuing violation theory shows how the State Defendants are substantively liable for the merits of his federal Eighth Amendment deliberate indifference claim against the State Defendants. *See* Motion at 19-20. But Dadourian does not show how his "substantive liability theory against the State" regarding his federal Eighth Amendment deliberate indifference claim or any other federal claim would be impacted by a state court ruling on

his continuing violation theory against the County Defendants. *See id.* at 19; Compl. ¶¶ 32-36. In fact, Dadourian does not rely on a continuing violation theory to argue in his opposition to the State Defendants' Motion to Dismiss why the State Defendants are liable for deliberate indifference under the Eighth Amendment. *See* Dkt. No. 24 at 14. And again, like the different legal standards for a misjoinder claim under Federal Rule 20 and a continuing violation theory, the legal standard for an Eighth Amendment deliberate indifference claim is different than the continuing violation standard. Therefore, Dadourian can argue the State Defendants were deliberately indifferent to his medical needs, regardless of how the state court determines his continuing violation theory against the County Defendants.

In sum, because this Court has jurisdiction over Dadourian's federal claims, and Dadourian has not shown how review of the state law claims against the County Defendants will impact his federal claims against both parties or state claims against the State Defendants, he fails to show that this Court should remand the entire case. *See Schacht*, 524 U.S. at 392-93; *Lee*, 260 F.3d at 1006.

ii. <u>The County Defendants have failed to persuade this Court that the state law claims against the County Defendants should remain in federal court (and be dismissed).</u>

Next, the County Defendants have not demonstrated why this Court should keep (and dismiss) state law claims that it is unable to adjudicate.

As an initial matter, the Court notes that the cases the County Defendants cite to argue that the Section 946.6 petition should *not* be transferred or remanded to state court, *see* County Opposition at 6, are easily distinguishable because all those cases involve a plaintiff who filed in federal court and asked the federal court to adjudicate their Section 946.6 petition, *see Garza v. Alvara*, No. 115CV00234DADSKO, 2016 WL 4899676, at *1-*2 (E.D. Cal. Sep. 14, 2016); *Morrison v. County of Riverside*, No. 5:24-CV-01044, 2024 WL 3015304, at *2-*4 (C.D. Cal. June 13, 2024) ("Plaintiffs chose not to file their Section 946.6 petition in the Superior Court for the County of Riverside and, instead, have pursued Section 946.6 relief in federal court."); *Zelda B. v. City of Oakland*, No. 21-CV-07078, 2022 WL 16556790, at *4 (N.D. Cal. Oct. 31, 2022). Because Dadourian filed in state court with a pending Section 946.6 petition, *see* Compl. ¶¶ 7(d), (e); County

Reply at 7-8, and the state law claims against the County Defendants cannot proceed until the Section 946.6 petition is granted, *see* Cal Gov't Code §§ 945.4, 946.6, these cases do not apply.

The Court notes that there is no jurisdiction for this Court and thus remand of the state law claims against the County Defendants is required under Section 1447(c).[7]

Perhaps more important is the operation of the supplemental jurisdiction statute, 42 U.S.C. § 1367. This statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). A district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have the discretion to decline to exercise supplemental jurisdiction if:

> (1) [T]he claim raises a novel or complex issue of State law;
> (2) [T]he claim substantially predominates over the claim over which the district court has original jurisdiction;
> (3) [T]he district court has dismissed all claims over which it has original jurisdiction; or
> (4) [I]n exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). A district court declining supplemental jurisdiction pursuant to the section 1367(c)(4)'s "exceptional circumstances" provision must satisfy a two-part inquiry: (1) the "district court must articulate why the circumstances *of the case* are exceptional within the meaning of §

---

[7] The State Defendants also filed an opposition to Dadourian's Motion, arguing that removal was proper because Dadourian's Section 946.6 petition is a separate civil proceeding from the merits that is currently pending and because Dadourian alleges federal claims. *See* State Opposition at 2-3. But it is not separate because the merits of his state law claims against the County Defendants cannot be addressed until the state court determines that he has timely filed his claims, and as discussed above, the federal court cannot adjudicate the petition. *See Burgdorf*, 54 Cal. Rptr. at 808; Cal Gov't Code §§ 945.4, 946,6(a). Moreover, the state court "has vacated its hearing and will not proceed while the case remains in federal court," so it is not a separate proceeding that is currently pending. *See* State Reply at 2-3.

1367(c)(4);" and (2) "in determining whether there are compelling reasons for declining jurisdiction . . . the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (describing the inquiry)).

Here, this case presents exceptional circumstances in which this Court should decline to exercise supplemental jurisdiction over the state law claims against the County Defendants—even though it might otherwise find that the state law claims are so related to the federal law claims that they are part of the same case and controversy. In particular, the existence of the pending Section 946.6 petition and this Court's inability to adjudicate it makes this case exceptional. It would best serve the principles of economy, convenience, fairness, and comity to permit the state court to adjudicate the Section 946.6 petition and—assuming there is no further request to remove—any state law claims against the County that remain.

**C. Dadourian is not entitled to attorneys' fees.**

The Court will address whether Dadourian should be granted attorneys' fees due to the County Defendants' removal. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Absent unusual circumstances, attorneys' fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005). Courts in the Ninth Circuit apply "an objectively reasonable standard by looking to the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted." *Id.* at 1065.

Although there was an active Section 946.6 petition in state court before removing on the thirtieth day, and the petition was to be heard almost two weeks after this case was removed, *see* Motion at 6, 9, the Court finds there was an objectively reasonable basis for removal since

Dadourian alleges federal claims against the County Defendants, *see* Compl. ¶¶ 32-45, 52-63; *see also* County Opposition at 6. Accordingly, the Court will not award attorneys' fees to Dadourian.

## III. Conclusion

1. For the reasons stated herein, Plaintiff's Motion (Dkt. No. 30) is GRANTED IN PART.
   a. Dadourian's state law claims (Claims Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve) **against the County Defendants only** ARE REMANDED to the Superior Court of California for the County of Los Angeles.
   b. Dadourian's state law claims **against the State Defendants** (Claims Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve) shall NOT be remanded to the Superior Court of California for the County of Los Angeles.
   c. Dadourian's federal law claims **against both the County and State Defendants** (Claims One, Three, and Four) shall NOT be remanded to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.

Dated: August 6, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge